IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FRENCHITT SU-DELL COLLINS, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 3:16-CV-1472-K |
| | ) | (No. 3:11-CR-128-K) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

Movant Frenchitt Su-Dell Collins, a federal prisoner, proceeding *pro se*, has filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his federal sentence. He raises numerous challenges to his convictions for aiding and abetting, conspiracy to commit health care and mail fraud, fraud, aggravated identity theft, and conspiracy to tamper with witnesses. He also challenges his sentence. Because he is not entitled to the relief that he seeks, for the reasons set out below, the Court **DENIES** his Section 2255 motion.

## BACKGROUND

Collins and his coconspirators—including Kara Collins, Natasha Robinson, Stephanie Moses, Allen Robison, and others—"filed false claims for automobile accidents that never happened, using postal boxes registered to assumed names." *United States v. Collins*, 774 F.3d 256, 259 (5th Cir. 2014), *cert. denied* 136 S. Ct. 260

1

(2015). "They advertised on television and elsewhere, used heavy machinery to damage recruits' automobiles, and created sham chiropractic clinics to 'provide treatment.'" *Id.* Collins also conspired with Robison to obtain favorable trial testimony from prospective witnesses. *See id.* at 260-61.

Collins was indicted on the following nine counts: one count of conspiracy to commit mail fraud and health care fraud, and aiding and abetting, in violation of 18 U.S.C. §§ 2 and 1349; three counts of mail fraud and aiding and abetting, in violation of 18 U.S.C. §§ 2 and 1341; four counts of aggravated identity theft and aiding and abetting, in violation of 18 U.S.C. §§ 2 and 1028; and one count of conspiracy to tamper with witnesses, in violation of 18 U.S.C. § 1512(k). Two of the aggravated-identity-theft counts were dismissed before trial, and the jury found Collins guilty on the remaining counts. *See id.* at 260; *see also United States v. Collins*, 3:11-cr-128-K (2) (N.D. Tex.), Dkt. No. 274. The Court sentenced him to 180 months in prison with three years of supervised release and ordered $700,715.04 in restitution. *See United States v. Collins*, 3:11-cr-128-K (2) (N.D. Tex.), Dkt. No. 274.

After his unsuccessful direct appeal, Collins filed this Section 2255 motion. Dkt. No. 1. He raised three claims: (1) his conviction under the healthcare fraud statute—18 U.S.C. § 1347—violated his right to due process because that statute is unconstitutionally vague, *see* Dkt. No. 1 at 4, 16-21; (2) the Court violated his Sixth Amendment rights at sentencing when it, and not the jury, determined the amount of

2

loss under the United States Sentencing Guidelines ("U.S.S.G."), *see id.* at 5, 22-24; and (3) the Court likewise violated his Sixth Amendment rights when it determined which specific offense characteristics applied to his Guidelines sentence, *see id.* at 7, 29-31. Collins then supplemented his Section 2255 motion to add claim (4)—that his counsel was ineffective for failing to (a) gather evidence that would have shown that Collins's company was a legitimate business to rebut the government's representation at trial that the business was a sham, (b) present evidence to the jury, including checks from Dr. B., to show that Collins's business was legitimate, (c) present evidence or argue that co-conspirator Robison was in jail during the same months that the government alleged Collins was engaged in conspiracies to commit fraud, (d) argue that no evidence connected Collins to fraudulent claims for medical benefits; (e) cross-examine Stacy Brown on her erroneous in-court identification of Robison as Collins, (f) challenge, at sentencing, the Court's loss calculation or its decision to apply the mass-marketing enhancement; (g) remind the Court that, at the forfeiture hearing, the Court made clear that it "could not make [Collins] pay $500,000;" and (h) represent Collins at oral argument on direct appeal. *See* Dkt. No. 6 (requesting the Court's leave to amend his Section 2255 motion); *see also* Dkt. No. 13 (granting leave).

Collins then amended his Section 2255 motion a second time. *See* Dkt. No. 16 (requesting the Court's leave to amend his Section 2255 motion); *see also* Dkt. No. 17 (granting leave). In his amended motion, he elaborated on his claim that his counsel

3

was ineffective for ceding the responsibility of the oral argument to Robison's counsel, adding that his counsel could have challenged the Court's loss determination during the oral argument and "asked the [Fifth Circuit] to remand the case . . . for a determination as to which of the accidents were legitimate accidents, and what portion of the claims would have been paid by the various insurance companies in the absence of fraud." *See* Dkt. No. 16 at 9. And he added claim (5)—that the Court "lacked jurisdiction" to convict him under 18 U.S.C. § 1347 because "that statute lacks the required nexus to interstate commerce." *See* Dkt. No. 16 at 11.

## LEGAL STANDARDS

Post-conviction relief under Section 2255 is ordinarily limited to claims of constitutional or jurisdictional magnitude that could not have been raised on direct appeal and would, if ignored, result in a complete miscarriage of justice. *See United States v. Perez*, 952 F.2d 908, 909 (5th Cir. 1992). Where a claim was raised and decided on direct appeal, a district court may not revisit it in a Section 2255 proceeding. *See United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986) (*citing United States v. Jones*, 614 F.2d 80, 82 (5th Cir. 1980)). Where a claim could have been raised on direct appeal, but was not, it is defaulted. *See United States v. Pierce*, 959 F.2d 1297, 1301 (5th Cir. 1992), *cert. denied* 506 U.S. 1007 (1992). To overcome the default and obtain relief on a claim raised for the first time on collateral review, a prisoner must show "cause" for the default and "actual prejudice" resulting from the error. *United*

4

*States v. Frady*, 456 U.S. 152, 167-68 (1982). The only recognized exception to this rule is in an "extraordinary case" where "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

The Sixth Amendment to the United States Constitution guarantees a defendant reasonably effective assistance of counsel at all critical stages of a criminal proceeding. *See Cuyler v. Sullivan*, 446 U.S. 335, 344 (1980). To obtain post-conviction relief on a claim that his counsel was constitutionally ineffective, Collins must satisfy the two-pronged test set out in *Strickland v. Washington*, 466 U.S. 668 (1984). First, he must show that counsel's performance fell below an objective standard of reasonable professional service. *See id.* at 687. Second, he must establish that his counsel's substandard performance caused prejudice. *See id.* at 691-92. That is, Collins must show that, "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

## ANALYSIS

### Due Process Challenge to 18 U.S.C. § 1347

Collins first claims that Section 1347 is unconstitutionally vague because no reasonable person would realize that he is committing healthcare fraud when he submits fraudulent claims for medical services to automobile insurance companies. *See* Dkt. No. 1 at 21 ("Movant's Due Process was violated when [Section 1347] was used

to prosecute him . . . because he did not have dealings with healthcare insurance providers."). Because Collins could have, but did not, raise this argument on direct appeal, it is defaulted, and he cannot obtain relief here unless he shows cause and prejudice. *See Bousley v. United States*, 523 U.S. 614, 622 (1998).

Collins does not attempt to establish cause beyond mentioning that his "appellate counsel did not see [this] argument[] apparently." *See* Dkt. No. 1 at 10. Collins's statement, construed liberally, could be read to claim that counsel's ineffectiveness was the cause of his default. "[I]neffective assistance of counsel in the constitutional sense" can constitute cause to overcome a procedural bar. *United States v. Guerra*, 94 F.3d 989, 994 (5th Cir. 1996). But Collins cannot show that his counsel was constitutionally ineffective for refusing to raise this meritless claim. As the Court of Appeals noted on direct appeal, when "automobile insurers pay for medical treatment, they are health care benefit programs" within the meaning of the healthcare fraud statute. *Collins*, 774 F.3d at 260. That is, it is clear that Collins would violate Section 1347 when he submitted a false claim "for medical treatment at a chiropractor" to an insurance carrier. *See id.*; *see also* 18 U.S.C. § 1347 (making it illegal to "defraud any health care benefit program"); 18 U.S.C. § 24(b) (defining "health care benefit program" as, *inter alia*, "any public or private plan or contract . . . under which any medical benefit, item or service is provided to any individual"). Collins's counsel was not constitutionally ineffective for failing to argue otherwise.

Moreover, Collins makes no attempt to show "actual prejudice" to overcome the default of his claim that Section 1347 is void for vagueness. *See Pierce*, 959 F.2d at 1301. So he is not entitled to post-conviction relief on claim (1).

**Sixth Amendment Challenges to the Court's Determination of Restitution, Loss Amount, and Other Guidelines Calculations**

Collins next claims that the Court violated his Sixth Amendment rights when it, and not the jury, determined the loss amount under the U.S.S.G. *See* Dkt. No. 1 at 22-32. Collins raised, and the Fifth Circuit rejected, that exact claim on direct appeal. *See Collins*, 774 F.3d at 265-66. The Fifth Circuit explained:

> Collins cites *Apprendi/Alleyne* for the proposition that any fact that increases a penalty "must be submitted to the jury and found beyond a reasonable doubt." *Alleyne v. United States*, ___ U.S. ___, ___, 133 S. Ct. 2151, 2155 (2013). The government counters, correctly, that these cases require proof beyond a reasonable doubt of a fact that increases *the statutory minimum or maximum sentence*. They do not apply to Guidelines calculations that, as in this case, fall within the statutory range.

*Id.* (citation modified) (emphasis in original). Because claim (2) was rejected on direct appeal, the Court will not reconsider it here. *See, e.g.*, *Jones*, 614 F.2d at 82.

But Collins adds a new, related argument. He claims that the Court violated his Sixth Amendment rights when it determined which sentencing enhancements—including the mass-marketing, sophisticated-means, and obstruction-of-justice enhancements—to apply in its Guidelines calculations. That argument fails for the same reason as his challenge to the Court's calculation of the loss

7

amount. No Sixth Amendment violation occurs when a district court makes a Guidelines calculation and sentences the defendant within the statutory range. *See Collins*, 774 F.3d at 266. Thus there is no merit to Collins's claim that the Court violated his Sixth Amendment rights as it calculated his Guidelines sentence. *See id.*

Collins also argues that this Court violated his Sixth Amendment rights when it determined the amount of restitution. *See* Dkt. No. 1 at 24-28. That argument—which Collins did not raise on direct appeal—is also meritless. In *Apprendi v. New Jersey*, 530 U.S. 466, 499 (2000), the Supreme Court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Contrary to Collins's argument, however, "no statutory maximum applies to restitution." *United States v. Read*, 710 F.3d 219, 231 (5th Cir. 2012). So the jury was not required to find the restitution amount, *see United States v. Rosbottom*, 763 F.3d 408, 420 (5th Cir. 2014) (rejecting the defendant's argument that *Apprendi* applies to restitution), and no Sixth Amendment violation occurred. In sum, there is no merit to claims (1), (2), or (3).

## Ineffective Assistance of Counsel Claims

**Counsel's Performance at Trial**

Collins challenges his counsel's performance on numerous grounds. He argues first that his counsel should have shown the jury evidence—including several checks

from a chiropractor that were listed as trial exhibits—to prove that Collins's company, "Big Brother Injury," was a legitimate business that connected accident-injury victims with doctors and lawyers. *See* Dkt. No. 6 at 4. But Collins cannot show that he was prejudiced by counsel's decision not to introduce that evidence. Evidence that some portion of Big Brother Injury's business was legitimate would do little to disprove the record evidence that showed Collins conspiring to and committing insurance and healthcare fraud, identity theft, and conspiring to tamper with witnesses. The evidence supporting those charges was clear. *See Collins*, 774 F.3d at 261 (summarizing the testimony of Adrina Anthony, Demetrias Spence, and Savoy Terral and concluding that "[t]he testimony of these three witnesses, along with much other evidence of record, is more than enough for a rational juror to find the existence of an illegal agreement"); *id.* at 263 ("The evidence of Count Two mail fraud here was overwhelming."); *id.* at 264 (concluding that the record evidence "amply support[s] a finding that Collins and Robison conspired to induce witnesses to provide false sworn testimony). Because Collins cannot show prejudice under *Strickland*, he is not entitled to relief on this ground.

Collins also complains that his counsel failed to argue "that there was not a single witness nor questionable check from any insurance company for 2006 and 2007." Dkt. No. 6 at 6. However, Collins cannot show deficient performance in counsel's refusal to make an argument that is clearly contracted by the record. At trial,

9

Dr. Marwa Rhima testified that Collins's wife and coconspirator, Kara Collins, hired Dr. Marwa to work at their chiropractic clinic in November 2006. *See United States v. Collins*, 3:11-cr-128-K (2) (N.D. Tex.), Dkt. No. 324 at 17-18. That "clinic" proved to be a sham. Dr. Marwa testified that it was "an empty office" that had no equipment for treating patients. *See United States v. Collins*, 3:11-cr-128-K (2) (N.D. Tex.), Dkt. No. 324 at 23. After she went to the "clinic" twice in one week in November 2006, Kara Collins fired Dr. Rhima, and she never saw Collins or his wife again. *See id.* However, they later made false claims for insurance benefits for chiropractic treatment that Dr. Rhima allegedly provided in 2008; those claims were fraudulent because Dr. Rhima never provided the claimed treatments. *See id.* at 24. Because Dr. Marwa's testimony shows that Collins was involved in the fraudulent scheme in November 2006, he cannot here prevail on a claim that his counsel was ineffective for failing to argue that there "was not a single witness" to show that the conspiracy stretched back to 2006. *See United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999) ("An attorney's failure to raise a meritless argument thus cannot form the basis of a successful ineffective assistance of counsel claim").

Collins also claims that counsel should have argued that no evidence linked him to false claims for medical care. *See* Dkt. No. 6 at 5 ("Trial counsel also knew, but failed to argue, that during the course of the entire trial, not one witness testified to [Collins] agreeing to file fraudulent medical bills, or was one fraudulent medical bill introduced

at trial that implicated [him]."). The record evidence would have belied that argument too. At trial, Savoy Terral testified that Collins convinced her to participate in a criminal scheme to obtain medical benefits fraudulently. She claimed to be involved in a car wreck that, in fact, never happened, and she went to a chiropractor—"over ten" times—for a fake injury so that she could "get [] money." *See United States v. Collins*, 3:11-cr-128-K (2) (N.D. Tex.), Dkt. No. 325 at 49-50. She also testified that she later lived with Collins and his wife, and helped further their conspiracy by preparing fraudulent insurance claims for medical benefits. *Id.* at 50-61. There was record evidence that linked Collins to filing false medical claims, and so he cannot show that his counsel was ineffective for failing to argue otherwise.

Collins next claims that his counsel was ineffective for not arguing that Robison was in prison during portions of the conspiracy. Robison was not Collins's only co-conspirator. Rather, the government alleged—and the evidence at trial showed—that Collins conspired with his wife to establish a sham chiropractic clinic in November 2006, and that Collins conspired with her, Adrina Anthony, Demetrias Spence, Savoy Terral, and others to defraud insurance companies from late 2006 through early 2009. Because Collins was charged and convicted of conspiring with co-conspirators in addition to Robison, he cannot show that he was prejudiced by counsel's failure to argue that Robison was in prison during some months of the conspiracy.

11

Finally, Collins does not even attempt to show that he was prejudiced by counsel's failure to cross-examine one witness, Stacy Brown, after she mixed-up her in-court identification of the defendants. Because multiple witnesses identified Collins at trial, he cannot establish any prejudice from counsel's failure to cross-examine Ms. Brown on her mistake.

**Counsel's Performance at Sentencing**

Collins next argues that his counsel provided ineffective assistance at sentencing when he failed to argue that the jury, and not the Court, should determine the loss amount. *See* Dkt. No. 6 at 7. But Collins's counsel made—and the Court rejected—that exact argument. Specifically, in his objections to the Presentence Report, Collins's counsel argued that "[t]he loss amount computation includes many alleged fraudulent claims never placed in issue in discovery or at trial" and argued that the calculation of the loss amount in "the case of Defendant Collins is the living, breathing embodiment that warrants a literal application of the Supreme Court's holding that 'any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt.'" *See United States v. Collins*, 3:11-cr-128-K (2) (N.D. Tex.), Dkt. No. 237 at 8. At sentencing, Collins's counsel pressed that argument again. *See United States v. Collins*, 3:11-cr-128-K (2) (N.D. Tex.), Dkt. No. 329 at 4 (making plain that

counsel's position was that "the [C]ourt should be bound by the amount [of loss established] at the trial."). Thus Collins cannot show deficient performance under *Strickland*.

Collins next claims that his counsel should have challenged the Court's calculation of loss on the grounds that "[a]t the Forfeiture Hearing the [Court] stated that [it] could not make [Collins] pay $500,000, that he was liable for only the amount he was found guilty of at trial." *See* Dkt. No. 6 at 8. Collins does not explain how counsel's failure to raise that argument could have caused prejudice. Moreover, no prejudice is apparent—Collins's counsel repeatedly contested the Court's calculation of the loss amount, both in his objections to the Presentence Report and throughout the sentencing hearing, and the Court rejected those objections to the loss calculation. Accordingly, Collins cannot show that he was prejudiced when counsel failed to "remind the Court" of its findings on forfeiture.

Collins also faults his counsel for failing to challenge the Court's application of the mass-marketing-sentence enhancement. *See* Dkt. No. 6 at 7 (complaining that counsel should have argued that "[n]ot one witness mentioned seeing the Big Brother commercial."). Yet counsel made that exact argument as well. *See United States v. Collins*, 3:11-cr-128-K (2) (N.D. Tex.), Dkt. No. 237 at 13-14 ("The Big Brother Injury commercial preceded Defendant Collins's participation in the other counts of conspiracy presented at trial. There is no evidence at trial that anyone was involved in

the crime from the TV commercials."). So that claim likewise fails.

**Counsel's Performance on Appeal**

Both Collins and Robison filed a direct appeal from this Court's judgment. On direct appeal, Collins's counsel filed a brief on his behalf. *See United States v. Collins*, No. 12-10582, Dkt. No. 140 (5th Cir. Feb. 11, 2014). After the Court of Appeals set the case for oral argument, Collins's counsel filed a request to allow Robison's counsel to represent both defendants at the oral argument. *See United States v. Collins*, No. 12-10582, Dkt. No. 192 (5th Cir. Sep. 30, 2014) (requesting "to cede oral argument to codefendant's counsel"). Collins now claims that his counsel was constitutionally deficient for doing so. *See* Dkt. No. 16 at 4. Specifically, Collins argues that his counsel should have been at oral argument to challenge this Court's calculation of the loss amount and to "ask[] the [Court of Appeals] to remand the case back to the district court for a determination as to which of the accidents were legitimate accidents." *See id.* at 8.

Collins appears to argue that his counsel's decision was "structural error" and that prejudice must be presumed. But he has not pointed the Court to any authority showing that an attorney's decision to permit the co-defendant's counsel to present the oral argument for both co-defendants on direct appeal is "structural error." *Cf. Johnson v. United States*, 520 U.S. 461, 466 ("None of the cases discussing 'structural error,' upon which petitioner relies, were direct appeals from judgments of conviction in the

federal system."). Rather, the *Strickland* standard is the one that governs Collin's claim that his counsel was ineffective on direct appeal. *See, e.g.*, *Smith v. Robbins*, 528 U.S. 259, 285 (2000) ("the proper standard for evaluating Robbins' claim that appellate counsel was ineffective in neglecting to file a merits brief is that enunciated in *Strickland*"); *see also Smith v. Murray*, 477 U.S. 527, 535-36 (applying *Strickland* to claim of attorney error on appeal).

And Collins cannot establish *Strickland* prejudice. Collins's counsel briefed the loss-amount issue extensively, s*ee United States v. Collins*, No. 12-10582, Dkt. No. 140 at 38-41 (5th Cir. Feb. 11, 2014) (arguing that the Court erred in relying on the Presentence Report's findings as to the amount of loss because that amount relied on "evidence [that] was never heard or considered by the jury at trial."), and the Court of appeals squarely rejected his arguments. *See Collins*, 774 F.3d at 265-66. The Court determined that this Court employed a "reasonable methodology" to determine the loss amount "on the basis of 58 total claims, 47 of which were successful." *Id.* at 265. The Fifth Circuit rejected Collins's argument that this Court violated his Sixth Amendment rights—by relying on facts not expressly found by the jury—when it calculated his loss amount. *See id.* at 265-66. And the Court held that, even if this Court had erred in calculating the loss of the unpaid claims, any such error would have been harmless. *Id.* at 266. Collins does not explain how the Court of Appeals would have reached opposite conclusions if his counsel had argued the case orally. And

because the Fifth Circuit squarely rejected the same arguments that he claims his counsel would have made at oral argument, he cannot show any prejudice from his counsel's decision to permit co-counsel to present these issues at oral argument.

Moreover, to the extent that Collins suggests that his counsel could have raised at oral argument a claim that was not in his opening brief—for example, a claim that the sentencing court should have credited any legitimate claims against the loss amount—Collins cannot establish prejudice because the Court of Appeals does not address arguments raised for the first time in oral argument. *See, e.g.*, *Mikesha v. City of Galveston*, 451 F.3d 376, 381 (5th Cir. 2006) ("as a general matter we do not address newly minted arguments at oral argument"). In sum, there is no merit to Collins's claims of ineffective assistance of counsel, and he is not entitled to relief on claim (4).

## Jurisdictional Challenge to 18 U.S.C. § 1347

Collins's final claim is that a violation of Section 1347 does not require an affect on interstate commerce such that the statute "was outside of Congress' jurisdiction under the Commerce Clause," and so "the federal court was without jurisdiction to try [him.]" Dkt. No. 16 at 16. But Collins is wrong—affecting interstate commerce is an element of the federal crime of health care fraud under Section 1347. *See United States v. Hickman*, 331 F.3d 439, 443 (5th Cir. 2003); *see also United States v. Klein*, 543 F.3d 206, 211 n.2 (5th Cir. 2008) (rejecting the exact argument that Collins makes here and concluding that the phrase "affecting commerce"—as it is incorporated into

Section 1347—requires "an interstate effect."). Thus there is no merit to claim (5).

## EVIDENTIARY HEARING

Collins has repeatedly requested an evidentiary hearing. However, the Court need not hold an evidentiary hearing if "the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255)(b). As explained above, the Court has reviewed the motion, the files, and the records of this case and has determined that Collins is entitled to no relief. Thus the Court need not hold an evidentiary hearing.

## CONCLUSION

For the foregoing reasons, Collins's § 2255 motion is **DENIED.**

**SO ORDERED.**

Signed January 23rd, 2018.

_____
ED KINKEADE
UNITED STATES DISTRICT JUDGE